IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REVEREND PATRICK MAHONEY, *et al.,* )<br>)<br>Plaintiffs, )<br>)<br>-vs- )<br>)<br>THE UNITED STATES MARSHALS )<br>SERVICE, *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 1:05-cv-01786-RCL |

**UNOPPOSED MOTION FOR LEAVE TO AMEND AND TO SUPPLEMENT
WITH STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT**

UNOPPOSED MOTION TO AMEND AND TO SUPPLEMENT

Comes now the Plaintiffs, Reverend Patrick Mahoney, Troy Newman, and the Christian Defense Coalition, by counsel undersigned, and respectfully move the Court for an Order, in the form submitted herewith, granting leave to file an amended and supplemented complaint in the above-referenced matter, in the form annexed to this motion.

For and in support of the motion, the Plaintiff submits herewith his Statement of Points and Authorities Supporting the Motion to Supplement and Amend the Complaint.

PLAINTIFF'S STATEMENT OF POINTS AND AUTHORITIES
SUPPORTING THE MOTION TO SUPPLEMENT AND AMEND

1.      Prior to the filing of this motion, counsel for the Plaintiffs conferred with counsel for the Defendants on the subject matter of the motion; as Defendants have already advised the Court in the status report (Docket No. 14), they do not oppose the amendment and supplementation of the Complaint.

2.      Rule 15 of the Federal Rules of Civil Procedure provides for amendment and

supplementation of pleadings. Rule 15(a) provides for amendment of pleadings; Rule 15(d) provides for supplementation of pleadings. Pursuant to those provisions, as explained within, the motion should be granted.

3. Rule 15(a) states: "A party may amend the party's pleading once as a matter of course <u>at any time before a responsive pleading is served</u> . . . ." (Emphasis added.) Examination of the docket in this case confirms what all already know to be so: the Defendants have not yet answered the Complaint, nor have they moved for dismissal. Thus, the Plaintiffs are free "as a matter of course" to amend the pleading.

4. The D.C. Circuit has stated that Rule 15(a), 'guarantees a plaintiff an *absolute* right" to amend the complaint once at any time so long as the defendant has not served a responsive pleading and the court has not decided a motion to dismiss. See <u>James V. Hurson Assocs., Inc. v. Glickman</u>, 229 F.3d 277, 282-83 (D.C. Cir. 2000) (emphasis added). Because this right is absolute, the Plaintiffs could, even without leave from the Court, file an amended complaint.

5. The exercise of his absolute right to amend the complaint is, however, modestly complicated by the need – in the interest of justice, fairness, and judicial economy – to supplement the complaint, as explained <u>infra</u>. While leave of court to amend is not required, a similar straightforward reading of Rule 15(d) requires leave of court for supplementation.

6. Rule 15(d) states: "Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented."

7. In <u>Gomez v. Wilson</u>, 477 F.2d 411, 417 (D.C. Cir. 1973), the D.C. Circuit explained the

breadth of the supplementation afforded by this provision, stating that the complainant in that case, under Rule 15(d) would be "free to appropriately supplement his complaint[,]" and that such supplementation could include "allegation of recent incidents, joinder of additional parties and, of course, presentation of such legal contentions as may be indicated." (Footnotes omitted.) Allowing supplementation, the Gomez Court explained, serves the purpose of making "pleadings a means to achieve an orderly and fair administration of justice." 477 F.2d at 417.

8.      Here, two important transactions or occurrences are necessary to the orderly and fair administration of justice.  First, the security and policing activities related to the annually reoccurring Red Mass at the Cathedral of St. Matthew were expanded under the direction the United States Secret Service.  Second, Reverend Mahoney was denied, as a result of that expanded security and policing, his constitutional rights of speech and assembly, and his rights under Title 42 U.S.C. § 2000bb when he sought to engage in his display of a sign on the Rhode Island Avenue sidewalk on the morning of the Red Mass.

9.      These new transactions and/or occurrences relate directly to the causes of action and controversy between the parties.  Consequently there is no prejudice or surprise to the Defendants.  Moreover, the Defendants, as indicated above, do not oppose the motion.

10.     It is in the interest of judicial economy that it be allowed here by supplementation.  As Judge Friedman explained in granting leave to supplement to cure a jurisdictional defect in a pleading:

> Permitting a supplemental pleading here will promote the economic and speedy disposition of the controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any other party. To do otherwise would be to create precisely the kind of procedural mousetrap that the Federal Rules were designed to dismantle.

<u>Judicial Watch v. Dep't of Energy</u>, 191 F. Supp.2d 138, 139 (D.D.C. 2002) (citations, internal quotation marks omitted).

## CONCLUSION

Because leave to supplement is sought timely with respect to the new transactions and occurrences, because supplementation at this early stage will not cause undue delay, trial inconvenience or prejudice to the rights of other parties, and because the Defendants do not oppose the motion, the Court should grant the motion for leave to supplement.

For all the foregoing reasons, the Court should grant the motion to amend and to supplement, in the form of an order such as the proposed one submitted herewith.

Dated:  January 4, 2006.

                                          Respectfully submitted,

                                          /s/
                                      James Matthew Henderson Sr. # 452639
                                          *Counsel of Record*
                                      The American Center for Law and Justice
                                      201 Maryland Avenue NE
                                      Washington, DC  20002
                                      Telephone:    (202) 546-8890
                                      Facsimile:      (202) 337-3167
                                      *Attorney for the Plaintiffs*