IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REVEREND PATRICK MAHONEY, *et al.*,  ) | |
| ) | |
| Plaintiffs,  ) | |
| ) | |
| -vs-  ) | Civil Action No.  1:05-cv-01786-RCL |
| ) | |
| THE UNITED STATES SECRET SERVICE,  ) | |
| *et al.*,  ) | |
| ) | |
| Defendants.  ) | |

SECOND SUPPLEMENTAL DECLARATION
OF REVEREND PATRICK MAHONEY

I, Reverend Patrick Mahoney, on personal knowledge of the facts stated, hereby make the following Declaration under penalty of perjury:

1. Our prayer vigil and demonstration activities take place on public sidewalks adjacent to Rhode Island Avenue NW, in Washington, the District of Columbia.

2. That sidewalk is continuous through the neighborhood and in the City of Washington.

3. That sidewalk is regularly used by the public for passage through the neighborhood and in the City of Washington.

4. That sidewalk is indistinguishable from others in the City of Washington, including, for example, the sidewalk adjacent to the United States Supreme Court and the

Second Supplemental Declaration of Reverend Patrick Mahoney, Page 1

sidewalk adjacent to the parade route used for presidential inaugurals along Pennsylvania Avenue.

5. The Cathedral of St. Matthew is located across a public street from the sidewalk at issue in these circumstances.

6. In October, 2003, when I was arrested and prevented from carrying out my prayer vigil and demonstration activities, the Defendants had not generally closed the sidewalk to use by the public.

7. I observed numerous instances in which persons passed through the vicinity using the very sidewalk to which we were denied access for the purpose of displaying signs depicting the text of the Ten Commandments.

8. While we were conducting their activities, and after we were arrested, pedestrians continued to pass up and down the street at the very location where the arrests took place.

9. During the time that I conducted my activities, and after I was placed under arrest, members of the press continued to stand in the very locations where the arrests took place.

10. Together with the Christian Defense Coalition and Troy Newman, I filed suit against the USMS and five unnamed United States Deputy Marshals to redress these constitutional injuries and to obtain injunctive and declaratory relief against future harms.

Plaintiffs' Exhibit 7
Second Supplemental Declaration of Reverend Patrick Mahoney
Mahoney et al v. United States Secret Service et al, No. 1:05-cv-1786-RCL

11. With the lawsuit, I filed a motion for a preliminary injunction, together with supporting declarations, setting out a claim for a preliminary injunction.

12. In advance of hearing on the motion for preliminary injunction, the United States Secret Service advised the Office of the United States Attorney for the District of Columbia that the President of the United States planned to attend the 2005 Red Mass.

13. As a consequence of the President's planned attendance at the Red Mass, the United States Secret Service assumed lead responsibility for devising the plan for protection of statutorily designated persons attending the Mass.

14. The United States Secret Service consented to suit and voluntarily appeared by counsel at the hearing on the motion for preliminary injunction.

15. In opposition to the preliminary injunction motion, the United States Secret Service and the United States Marshals Service offered, by sworn declarations, general information about the security planning for the protection of statutorily protected persons attending the 2005 Red Mass.

16. The United States Secret Service and the United States Marshals Service offered no evidence establishing any credible threat of harm or injury to the President or any other statutorily designated protected person.

Second Supplemental Declaration of Reverend Patrick Mahoney, Page 3

17. The United States Secret Service and the United States Marshals Service offered no evidence establishing that the 2005 Red Mass had been designated as a National Security Special Event, in accordance with the provisions of federal statutes or regulations.

18. On Sunday, October 2nd, 2005, together with my wife, Katie Mahoney, I traveled from Fredericksburg, Virginia, to the District of Columbia for the purpose of carrying out as much of a previously planned prayer vigil and demonstration in the vicinity of the Cathedral of St. Matthew.

19. As I explained in my previous declarations, I have conducted such prayer vigils in connection with the Annual Red Mass at the Cathedral for many years.

20. As a consequence of the failure of the Court to grant the preliminary injunction for which I applied last year, representatives and employees of the United States Secret Service, the United States Marshal Service, and the Metropolitan Police Department of the District of Columbia erected a speech free zone on public sidewalks in the vicinity of the Cathedral.

21. The effect of the imposition of the speech free zones on my planned activities was direct and disastrous.

Second Supplemental Declaration of Reverend Patrick Mahoney, Page 4

Plaintiffs' Exhibit 7
Second Supplemental Declaration of Reverend Patrick Mahoney
Mahoney et al v. United States Secret Service et al, No. 1:05-cv-1786-RCL

22.    The speech free zones created by the Defendants and enforced by them and those acting with them completely prevented me from conducting my planned prayer vigil in proximity to the Cathedral, and prevented me from conducting my demonstration activities on public sidewalks in the near vicinity of the Cathedral.

23.    We arrived in the vicinity of the Cathedral at about 8:30 a.m.

24.    When we arrived on the scene, police tape had already been set up marking various divisions of the public sidewalks and street in the vicinity.

25.    My wife and I went to the Rhode Island Avenue sidewalk across from the Cathedral, adjacent to an area where media representatives were setting up cameras and other equipment.

26.    While in that location, we spoke with government officials who told us that the area where we were standing would be closed to the public, and indicating an area across M Street (on the south sidewalk) that had been designated from people carrying signs.

27.    We went to the south sidewalk adjacent to M Street to check it out.

28.    From that location, it was immediately apparent that the distance and obstructions between that location and the front of the Cathedral would make communication of our message impossible.

Second Supplemental Declaration of Reverend Patrick Mahoney, Page 5

Plaintiffs' Exhibit 7
Second Supplemental Declaration of Reverend Patrick Mahoney
Mahoney et al v. United States Secret Service et al, No. 1:05-cv-1786-RCL

29. At this point in time, my wife went to stand in line to enter the Cathedral so that she could attend the Red Mass.

30. I then proceeded to the sidewalk across from the Cathedral.

31. At that time, the sidewalk across Rhode Island Avenue NW from the Cathedral was open to public passage.

32. I stood on that sidewalk, holding my sign, facing the Cathedral.

33. In that location, I was standing adjacent to a small cluster of media representatives, including television, print and radio reporters.

34. At about 9:00 a.m., Secret Service officers approached and advised me of the imminent closing of the sidewalk, directing me to remove myself to one of the areas nearby that remained open to the public, on threat of arrest if I failed to do so.

35. Although I was ordered to remove from that location, the United States Secret Service and the United States Marshals Service allowed the media representatives to remain on the sidewalk adjacent to Rhode Island Avenue, NW, across from the entrance to the Cathedral.

36. I complied and went to the corner of Rhode Island Avenue and 17th Street NW.

37. I chose that location for his sign display because representations made by counsel for the Defendants in open court indicated that the President's limousine and the vehicles bringing other dignitaries to the Cathedral would pass that location.

Second Supplemental Declaration of Reverend Patrick Mahoney, Page 6

Plaintiffs' Exhibit 7
Second Supplemental Declaration of Reverend Patrick Mahoney
Mahoney et al v. United States Secret Service et al, No. 1:05-cv-1786-RCL

38. A number of vehicles passed by that location.

39. Because I was prevented from standing on the Rhode Island Avenue sidewalk across from the Cathedral, adjacent to the media, I was prevented from displaying his sign and communicating my message to the dignitaries arriving at the Cathedral entirely.

40. Standing at the corner of 17th Street and Rhode Island Avenue was not an ample alternative channel of communicating his message.

41. A few minutes after 10:00 a.m., I saw the Presidential motorcade pass by, but the President was not in the motorcade.

42. I overheard Secret Service agents in the vicinity say that the President entered the Cathedral through a back entrance, rather than from Rhode Island Avenue.

43. At this point, I immediately proceeded from the corner of Rhode Island Avenue and 17th Street to the sidewalk on the south side of M Street in the 1700 block of the street.

44. The United States Secret Service designated that portion of the M Street sidewalk as a location for protestors.

45. From that location, I discovered that communicating my message to the President, any attending Justices, or other governmental officials or dignitaries was not possible.

46. The impossibility of communication resulted from several factors:

Second Supplemental Declaration of Reverend Patrick Mahoney, Page 7

Plaintiffs' Exhibit 7
Second Supplemental Declaration of Reverend Patrick Mahoney
Mahoney et al v. United States Secret Service et al, No. 1:05-cv-1786-RCL

      a.      the great distance from the front of the Cathedral to the designated area made it impossible for those exiting the Cathedral from being able to read the signs or hear my messages nonexistent;

      b.      the trees adjacent to Rhode Island Avenue creating visual clutter that screened those exiting the Cathedral from a direct line of sight of the protest zone on the south sidewalk adjacent to M Street;

      c.      the statuary in the park at the terminal end of the block between Rhode Island Avenue and M Street also served to screen those exiting the Cathedral from a direct line of sight of the protest zone on the south sidewalk adjacent to M Street;

      d.      and the vehicular traffic passing on M Street also served to screen those exiting the Cathedral from a direct line of sight of the protest zone on the south sidewalk adjacent to M Street.

47. Because of the misrepresentations made in argument to this Court, I was misled about the route of the President.

48. Because of the misrepresentations made in argument to this Court, I waited at the 17th Street corner of Rhode Island Avenue to display my message to the President, and lost a key spot on the public sidewalk along M Street.

Second Supplemental Declaration of Reverend Patrick Mahoney, Page 8

Plaintiffs' Exhibit 7
Second Supplemental Declaration of Reverend Patrick Mahoney
Mahoney et al v. United States Secret Service et al, No. 1:05-cv-1786-RCL

49. As I stood on the M Street sidewalk, I realized that not having the key spot on that sidewalk was unimportant.

50. From that point of observation, it was nearly impossible for me to portray my message in a visible way to those who might look south from the Cathedral toward the M Street sidewalk because the volume of vehicular traffic on M Street and because of the tree growing on the island between Rhode Island Avenue and M Street.

51. With the volume and character of traffic passing by, I was not able to have a clear view of the Cathedral's steps.

52. Where I was permitted to stand under the restrictions imposed by the Government Defendants, it was impossible for the President or Chief Justice Roberts or other attending Justices or dignitaries to see me and it was certainly impossible to convey my message to them.

53. I did everything the Government had suggested I would be allowed to do in counsel's argument to this Court, only to find the information that the Government's counsel put forward in court was neither accurate or factual.

54. At no time did any member of the media that were allowed to stand on Rhode Island Avenue sidewalk display my sign for me or express my views and opinions on my behalf, although counsel for the Defendants had pressed the argument that my First Amendment rights would be secured by allowing the media to record the events of that morning for reporting and broadcast to the public.

Second Supplemental Declaration of Reverend Patrick Mahoney, Page 9

Plaintiffs' Exhibit 7
Second Supplemental Declaration of Reverend Patrick Mahoney
Mahoney et al v. United States Secret Service et al, No. 1:05-cv-1786-RCL

55. As I have previously stated, my prayer vigil and demonstration activity related to the Annual Red Mass is a matter of repeated and long standing activity by me.

56. The arrest in 2003, the harassment and threats in 2004, the closure of the public sidewalks unhindered by judicial order in 2005, does not change my fixed intention and plan to continue to conduct prayer vigils and demonstrations during the Red Mass at the Cathedral of St. Matthew, while standing on the public sidewalk adjacent to Rhode Island Avenue.

57. This year, the Red Mass will take place on October 1st, 2006.

58. On October 1st, 2006, I will conduct a prayer vigil and demonstration on the public sidewalk on the south side of, and adjacent to, Rhode Island Avenue NW, unless, once again, the United States Secret Service and/or the United States Marshal's Service peremptorily destroys the public's (any my) right to use those sidewalks for prayer and demonstration purposes.

59. If the Defendants continue with their arbitrary and capricious imposition of speech free zones, the recurrence of the events of the previous three years will again result in the denial of my rights protected under the United States Constitution and laws.

Second Supplemental Declaration of Reverend Patrick Mahoney, Page 10

Plaintiffs' Exhibit 7
Second Supplemental Declaration of Reverend Patrick Mahoney
Mahoney et al v. United States Secret Service et al, No. 1:05-cv-1786-RCL

Further your Declarant sayeth not.

I hereby declare that the foregoing Declaration is true and correct, under the penalty of perjury of the District of Columbia. Done this 14th day of July 2006.

_____
Reverend Patrick Mahoney

Plaintiffs' Exhibit 7
Second Supplemental Declaration of Reverend Patrick Mahoney
Mahoney et al v. United States Secret Service et al, No. 1:05-cv-1786-RCL