1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PATRICK MAHONEY, et al.,        :  CA 05-1786
                                :
         Government,            :
                                :
    v.                          :  Washington, D.C.
                                :  Friday, September 30, 2005
UNITED STATES MARSHALS          :  10:05 a.m.
SERVICE,                        :
                                :
         Defendants.            :
                                :
- - - - - - - - - - - - - - - x

TRANSCRIPT OF PRELIMINARY INJUNCTION HEARING
BEFORE THE HONORABLE ROYCE C. LAMBERTH
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff:   JAMES MATTHEW HENDERSON, SR., ESQUIRE
                     AMERICAN CENTER FOR LAW & JUSTICE
                     201 Maryland Avenue, N.E.
                     Washington, D.C. 20003
                     202-546-8890
                     jmhenderson@aclj-dc.org

For Defendant:       STRATTON STRAND, ESQUIRE
                     BRENDA CAROL, ESQUIRE
                     CEDRIC BULLOCK, ESQUIRE
                     ANN ROWLAND, ESQUIRE
                     U.S. ATTORNEY'S OFFICE
                     555-4th Street, N.W.
                     Washington, D.C. 20530
                     202-514-7236
                     stratton.strand@usdoj.gov

Court Reporter:      THERESA M. SORENSEN, CVR-CM
                     Official Court Reporter
                     Room 4800-H, U.S. Courthouse
                     333 Constitution Avenue, N.W.
                     Washington, D.C. 20001
                     (202) 273-0745

[DEFENDANT'S EXHIBIT I NO. 05-1786]

Pages 1 through 56

52

1  government to make the First Amendment a blank paper.
2          Thank you, Your Honor.
3          THE COURT: Thank you very much, counsel.
4          Because the matter is going to go forward on
5  Sunday whatever I do, it seems to me more appropriate that I
6  try to dictate findings and conclusions right now so that if
7  appellate review is to be sought, it can be taken promptly.
8          The motion for preliminary injunction will be
9  denied. I find that there is not a substantial likelihood
10 of success on the merits established by the plaintiffs. I
11 find that in balancing the harms, the strong security
12 interest in the protection of the President and the other
13 protected individuals must be weighed, and it would take
14 really an extraordinary showing of likelihood of success on
15 the merits to outweigh the balance of harms here, and the
16 public interest dictates that the Secret Service be given
17 appropriate leeway to protect the President and the other
18 officials deserving of protection.
19         In paragraph 8 of the Julia Pierson affidavit for
20 the Secret Service, she talks about determining the size and
21 the scope of the secure area and that the Secret Service
22 considered a number of factors, including the emergency
23 vehicle access, potential for emergency evacuation of the
24 President and other building occupants, and the setoff
25 distances necessary to mitigate the effectiveness of a

53

1  variety of weapons. That last point is certainly
2  significant in the Court's view because the Government
3  Exhibit 5 shows how close the plaintiffs' proposal would put
4  him and other demonstrators to the proximity of the
5  President when he alights from his car and the other
6  dignitaries as well, including a brand new Chief Justice.
7       I find that the limited buffer zone here is
8  appropriate and that it is narrowly tailored. I find it is
9  a reasonable time, place, and manner restriction and that it
10 may be imposed without any specific legislative enactment
11 but, rather, pursuant to the authority of the Secret Service
12 to protect the President and the other dignitaries that are
13 there.
14      Here the reasonable alternative channels are
15 established. The record shows that, on Government Exhibit
16 1, that the sidewalk on 17th Street at the entrance to Rhode
17 Island Avenue where the motorcades would come in would allow
18 demonstrators and the public to stand.
19      Probably a more effective alternative from the
20 point of demonstrators would be that south sidewalk on M
21 Street where there will be an unobstructed view as shown in
22 Government Exhibit 5 because the only obstruction from the
23 entrance of the church to that south sidewalk on M Street
24 would be that one tree.
25      The press will be kept to the right of the end of

1  that vehicle that's shown in Government Exhibit 5, so that
2  anyone standing on the south sidewalk on M Street would be
3  in a position where those arriving at the church would have
4  the opportunity to observe any signs or hear any
5  demonstrators, and obviously those exiting the church will
6  have a direct view out toward any demonstrators who may have
7  signs or otherwise call attention to themselves there.
8         The restrictions here are clearly content neutral,
9  and I think that under intermediate scrutiny, the government
10 is correct that they are narrowly tailored to serve the
11 government's interests and that the government is not
12 required to show the least restrictive alternative.
13         In any event, the alternatives that the government
14 has provided here -- either along Connecticut Avenue or the
15 south side of M Street or along 17th Street -- are really
16 just yards away from where these individuals will be
17 entering the church, and certainly the south side of M
18 Street is within eyesight there of those entering the church
19 and certainly ear-sight -- ear hearing, I guess, rather than
20 sight -- so that they can call attention to themselves and
21 people could look around without having to see through the
22 back of their heads to see signs that were being held there.
23         So I really don't think there is any likelihood of
24 success on the merits, and balancing the interest, the
25 strong security interest of the Secret Service and the

55

1 protection of the individuals here dictates the denial of
2 the motion for preliminary injunction.  I will enter an
3 order saying for the reasons stated on the record in open
4 court, then, the preliminary junction is denied.
5      Anything else you all want to try to do today?
6      MR. HENDERSON:  No, Your Honor.
7      MR. STRAND:  No, Your Honor.
8      THE COURT:  I will say to both counsel, you did a
9 nice job presenting the case and I appreciate the way you
10 did it, and it's very helpful to also have full briefing on
11 an issue like this.  So I will commend the plaintiff for
12 bringing it in a fashion so this didn't all have to be done
13 on a TRO.  I appreciate having the opportunity to have the
14 facts properly presented, and you did a nice job of doing
15 that.  I appreciate it.
16      MR. HENDERSON:  Thank you, Your Honor.
17      **(Whereupon, the proceedings in the above-entitled**
18 **matter were adjourned at 11:52 a.m.)**
19
20
21
22
23
24
25

56

1  **CERTIFICATE OF REPORTER**

2     I certify that the foregoing is a correct

3  transcript from the record of proceedings in the above-

4  entitled matter.

*[signature: Theresa M. Sorensen]*

Theresa M. Sorensen, CVR-CM

Official Court Reporter