```
                 UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF COLUMBIA
```

REVEREND PATRICK J. MAHONEY,    )
  et al.                         )
                                 )
        Plaintiffs,              )
                                 )
        v.                       )   Civil No. 05-1786 RCL
                                 )
UNITED STATES MARSHALS SERVICE,  )
  et al.,                        )
                                 )
        Defendants.              )
_____ )

MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION TO ALTER OR AMEND JUDGMENT

PRELIMINARY STATEMENT

In this case brought under the First and Fifth Amendments to the United States Constitution, and under the Religious Freedom Restoration Act [RFRA], plaintiffs seek reconsideration of the Court's grant of summary judgment to defendants on the grounds that the Court erred in concluding that plaintiffs' First Amendment claims are not subject to a strict scrutiny level of review. Plaintiffs also argue that, even if subject to the intermediate time, place and manner level of review, the Court erred in finding that plaintiffs were provided with ample alternative means of communication at the Red Mass. Finally, plaintiffs argue that the Court applied an incorrect analysis of their RFRA claims.

Plaintiffs' motion for reconsideration consists of nothing more than plaintiffs' attempt to relitigate issues already

presented to, and decided by, this Court.  This is manifestly contrary to well-settled law that a motion for reconsideration may not be used as a vehicle to simply relitigate issues already presented and decided.  Plaintiffs have presented no error in need of correction, and thus their motion for reconsideration should be denied.

ARGUMENT

I. PLAINTIFFS' MOTION FOR RECONSIDERATION SHOULD BE DENIED.

A motion for reconsideration is discretionary with the Court and ordinarily will be granted only on the basis of (1) an intervening change of controlling law; (2) newly discovered evidence or (3) the need to correct errors of law or fact or prevent manifest injustice.  See, e.g., Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996).  If a party alleges error as the basis for reconsideration, it must present facts or law that warrant a reversal of the Court's prior decision.  However, it is well settled that reconsideration is not appropriate where there is no error of law or fact and where a party is merely attempting to reargue its factual and legal assertions.  Taylor v. Department of Justice, 268 F. Supp.2d 34, 35 (D.D.C. 2003).  A Rule 59(e) motion cannot be used to relitigate matters already argued and decided. United States v. Western Electric Co., 690 F. Supp. 22, 25 (D.D.C. 1988), modified on other grounds, 900 F.2d 283 (D.C. Cir. 1990).  As the Court said in Shields v.

Shetler, 120 F.R.D. 123, 126 (D. Colo. 1988), reconsideration is not to be used as a "license for a losing party's attorneys to get a 'second bite at the apple.'"

This Court also recently stated that, with respect to a motion for reconsideration:

> The strictness with which such motions are viewed is justified by the need to protect both the integrity of the adversarial process in which parties are expected to bring all arguments before the court, and the ability of parties and others to rely on the finality of judgments. In light of the foregoing, motions for reconsideration are rarely granted by this Court.

In the matter of an Application to Enforce Administrative Subpoena of the U.S. Commodity Futures Trading Commission, 403 F. Supp.2d 34, 35 (D.D.C. 2005) (RCL). Plaintiffs' motion in this case does not fall under one of those rare circumstances in which this Court should grant reconsideration.

   A.   Plaintiffs' First Amendment Claims

In plaintiffs' opposition to defendants' motion for summary judgment, plaintiffs argued that the Court should apply strict scrutiny to the restrictions imposed on plaintiffs' First Amendment activities during the Red Mass events at issue in this case. See Docket No. 37-1 at 13. Under the First Amendment, a strict scrutiny level of analysis applies to "an absolute prohibition on a particular type of expression," and under such circumstances requires the government to demonstrate a "compelling government interest" in order for the restriction to

be upheld.  United States v. Grace, 461 U.S. 171, 177 (1983).

This Court disagreed with plaintiffs that the restrictions imposed during the Red Mass events at issue here amounted to a total prohibition on their freedom of speech.  See September 27, 2005 Memorandum Opinion [Mem. Op.], Docket No. 45, at 13-14. Rather, this Court concluded that:

> While plaintiffs may have been denied the ability to demonstrate on the precise part of Rhode Island Avenue that they considered optimal, they were given adequate alternative channels through which to exercise their speech rights.  Defendants need only show a significant interest in this case.
>
> They have done so.

Id.  The Court further concluded, in a section of the decision that plaintiffs conveniently ignore:

> They [plaintiffs] were merely restricted as to where in that area [near St. Mathews Cathedral] they could engage in that [First Amendment] activity, but that did not render the restriction a complete prohibition on speech.  In *Heffron* it was reasonable to restrict the plaintiffs to one booth in a 125-acre fairground, whereas plaintiffs in this case are allowed to stand anywhere on the perimeter of the block in question.  *Id*. at 60.  Indeed, *Heffron* teaches that 'consideration of a forum's special attributes is relevant to the constitutionality of a regulation since the significance of the governmental interest must be assessed in light of the characteristic nature and function of the particular forum involved.'  *Id*. at 650-51.

Mem. Op. at 19.

Plaintiffs now simply re-argue their claim that strict scrutiny should have been applied by this Court.  As before, plaintiffs are wrong.

As defendants pointed out in their reply brief, plaintiffs'

claim is that because all demonstration activity was prohibited on certain portions of the Rhode Island Avenue sidewalks near St. Matthews Cathedral, the restriction constitutes a "complete ban" on First Amendment activity, which can be upheld only if it is narrowly drawn to serve a compelling government interest. Docket No. 44 at 9. Under this theory, however, the government may never impose any kind of "place" restriction under the First Amendment, without it constituting a total prohibition on First Amendment activity. Plaintiffs offer no explanation then, as to what the Supreme Court had in mind when the Court held that First Amendment expression "is subject to reasonable time, place, or manner restrictions." Clark v. Community for Creative Non-Violence, 468 U.S. 288, 293-94 (1983).

Moreover, as this Court noted, the Supreme Court in Heffron v. ISKCON, 452 U.S. 640 (1981), directly addressed a place restriction under the First Amendment where individuals engaging in certain types of First Amendment activities were restricted to a particular location within a 125-acre state fairground. The Supreme Court did not apply strict scrutiny to the prohibition; rather, the Court held that the First Amendment activities at issue "are subject to reasonable time, place and manner restrictions."[1]  Id. at 647.

---

[1] Plaintiffs argue that Heffron is not "relevant precedent" because it involved a designated public forum as opposed to a
(continued...)

Plaintiffs point to the decision by the Court of Appeals for this Circuit in <u>Mahoney</u> v. <u>Babbitt</u>, 105 F.3d 1452 (D.C. Cir. 1977), and claim that the facts in <u>Mahoney</u> are similar to the facts here and thus the result should be the same.  On the contrary, in <u>Mahoney</u> the Court of Appeals held that it was impermissible to accord the Presidential Inaugural Committee access by permit to **all** of the sidewalks along Pennsylvania Avenue on Inauguration Day, such that demonstrators were prevented from having any access to a location along the Inaugural Parade Route.  Significantly, however, the Court of Appeals in <u>Mahoney</u> plainly stated: "We do not purport to hold that the government can never control the use of segments of its own property against actual inconsistent usage by persons attempting First Amendment expression." <u>Id</u>. at 1458.  What the government cannot do pursuant to <u>Mahoney</u> is grant a permit to one organization for the exclusive use of all of the sidewalks along Pennsylvania Avenue on Inauguration Day, thereby precluding space for any protesters or members of the public who were not there to congratulate the President.  This does not mean, however, that

---

[1](...continued)
traditional public forum.  Plaintiffs' Mot. at 6.  This distinction, however, is meaningless with respect to the level of scrutiny to be applied to any restrictions imposed within the forum.  <u>Compare</u> <u>Clark</u>, 468 U.S. at 293-94 (traditional public forum subject to time, place and manner restrictions) <u>with</u> <u>Heffron</u>, 452 U.S. at 647 (designated public forum subject to time, place and manner restrictions).

the government would be prohibited from granting protesters access to some of the sidewalk areas along Pennsylvania Avenue on Inauguration Day and denying access to protesters for other parts of these sidewalks on that day.  Indeed, this very result occurred during the last inauguration, and the plaintiffs' motion for a preliminary injunction challenging these restrictions was denied.  See ANSWER Coalition v. Norton, Civil No. 05-0071 (D.D.C. Jan. 18, 2005) (defendant's motion for summary judgment pending).

Plaintiffs provide no evidence the factual circumstances in Mahoney occurred at the Red Mass events at issue in this case.  Rather, their claim is simply that they were entitled to be located on a particular segment of Rhode Island Avenue near St. Mathews Cathedral.  This Court correctly concluded that the government's offer of an alternate location near St. Mathews Cathedral does not mean that a complete prohibition on First Amendment activities within a public forum was imposed.

Nonetheless, even if this Court were to apply the strict scrutiny test, the Court correctly concluded that defendants had demonstrated a compelling interest in protecting high level government officials attending the Red Mass, Mem. Op. at 14, and that the restrictions imposed were the least restrictive means available.  Mem. Op. at 15 (the restrictions imposed were "tailored narrowly, indeed, as narrowly as it seems possible").

Thus, even under a strict scrutiny level of review there is no error in this Court's decision.

Plaintiffs next argue that, even applying the time, place and manner intermediate level of First Amendment scrutiny, the Court erred in concluding that plaintiffs had ample alternative avenues of communication on the relevant days of the Red Mass. Plaintiffs' Mot. at 5. Plaintiffs' argument in this regard, however, is merely a repetition of their argument concerning the application of the strict scrutiny test and the implications of the Mahoney decision. Plaintiffs apparently claim that the Court could not properly conclude that ample alternative channels of communication were left open to them if they were not allowed to communicate in some manner in the precise location that they wanted. Id. Again, this argument renders a nullity the Supreme Court's holding that First Amendment activities may be subject to reasonable place locations. This Court correctly concluded that the entrance to St. Mathews Cathedral was visible from the location accorded to plaintiffs, Mem. Op. at 21, a conclusion with which plaintiffs do not disagree. See generally Plaintiffs' Mot.

Therefore, plaintiffs' argument that this Court erred in its decision on plaintiffs' First Amendment claims should be rejected.

B.  <u>Plaintiffs' RFRA Claims</u>

Plaintiffs also argue that this Court applied an erroneous test under RFRA and looked to whether plaintiffs' alleged protected activity involved religious beliefs that compelled them to demonstrate in the location sought, whereas the proper test is whether their protected activity involved the exercise of their religious beliefs, whether or not compelled by their religion or central to their system of religious beliefs.  Plaintiffs' Mot. at 7-9.  Although plaintiffs correctly note that under RFRA they do not have to show that the alleged exercise of religious beliefs is compelled by their religion, or involves activity central to their religious beliefs, <u>Henderson</u> v. <u>Kennedy</u> 265 F.3d 1072, 1073 (D.C. Cir. 2001), they must at a minimum show some religious significance to the activity at issue.  Here, however, plaintiffs made no claim that communicating their religious beliefs **at a particular location** in the city of Washington, D.C. has any religious significance whatsoever.

Moreover, this Court concluded that even if plaintiffs were exercising their religious beliefs by demonstrating in front of the Red Mass, they had failed to demonstrate a substantial burden on this exercise, for the reasons the Court had provided with respect to plaintiffs' First Amendment claims.  Mem. Op. at 24. Rather than try and show the existence of a substantial burden, plaintiffs merely argue that the Court failed to cite any case

that allows an analysis of "substantial burden" under RFRA to be identical to the First Amendment's time, place and manner analysis.  Plaintiffs' Mot. at 10.

Plaintiffs' argument makes no sense.  This Court reasonably rested its conclusion on the factual showing that plaintiffs had been given an opportunity to express their religious beliefs near St. Mathews Cathedral on the day of the Red Mass and thus there had been no substantial burden on the exercise of their religious beliefs.  Plaintiffs point to no error in this conclusion and thus their motion for reconsideration on this issue likewise should be denied.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for reconsideration should be denied.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


_____
MARINA UTGOFF BRASWELL, D.C. BAR #416587
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7226

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REVEREND PATRICK J. MAHONEY, et al. | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil No. 05-1786 RCL ) |
| UNITED STATES MARSHALS SERVICE, et al., | ) ) ) |
| Defendants. | ) ) ) |

<u>ORDER</u>

Upon consideration of plaintiffs' motion for reconsideration, defendants' responding opposition, and the entire record in this case, and it appearing to the Court that the denial of plaintiffs' motion would be just and proper, it is hereby

ORDERED that plaintiffs' motion for reconsideration be, and it is, denied.

_____
UNITED STATES DISTRICT JUDGE

MARINA UTGOFF BRASWELL
Assistant United States Attorney
U.S. Attorney's Office
Judiciary Center Building
555 4th Street, N.W.
Washington, D.C. 20530


James Matthew Henderson
The American Center for Law and Justice
201 Maryland Avenue, NE
Washington, D.C. 20002