IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REVEREND PATRICK MAHONEY, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>-vs- )<br>)<br>THE UNITED STATES MARSHALS )<br>SERVICE, *et al.*, )<br>)<br>Defendants. ) | Civil Action No.  1:05-cv-01786-RCL |

PLAINTIFFS' REPLY SUPPORTING THE CONTESTED MOTION
TO ALTER OR AMEND THE JUDGMENT

The Plaintiffs, the Reverend Patrick Mahoney, Troy Newman, and the Christian Defense Coalition, submit the following Reply in support of their Motion to Alter or Amend the Judgment.

**REPLY ARGUMENT**

Of course, unless this Court committed errors in deciding questions of law of fact, the pending motion should be denied.  It is precisely because Plaintiffs concluded that the Court had made legal and factual errors that they sought relief under Fed. R. Civ. P. 59.  It is unsurprising that the Government characterizes Plaintiffs' motion as merely an effort at relitigation or reargument.  But the Government's *characterization* of Plaintiffs' Motion cannot mask or obscure the errors on which the judgment rests.  Perhaps most tellingly, despite its efforts at legerdemain, the Government *agrees* that it is Plaintiffs' statement of the test for a violation of RFRA – not the one applied by the Court in reaching the judgment – that correctly reflects the terms of the statute.

So even as the Government urges the Court to treat Plaintiffs' pending motion as nothing more than a run-of-the-mill but improper effort at relitigation, the Court has been placed in the peculiar position: opposing parties have advised it that the standard it applied in reaching the judgment below was not the proper one. The difference between the parties, in the view of the Plaintiffs, is that having been apprised of this clear error, we urge the Court to thoroughly reconsider its decision, while the Government simply urges the Court to "pay no attention to the man behind that curtain."[1]

I. **THE GOVERNMENT CONCEDES THAT PLAINTIFFS' HAVE CORRECTLY STATED THE APPROPRIATE TEST FOR A CLAIM UNDER RFRA BUT THE COURT DID NOT APPLY THAT TEST IN REACHING ITS JUDGMENT.**

The Government opens its opposition to altering or amending the judgment on the RFRA claim by making a starting concession: that the Plaintiffs correctly stated the test for whether a claim has been stated under RFRA. *See* Opposition to Mahoney Reconsideration Motion (hereinafter "Opp.") at 9. There just is not, under RFRA, a screening limitation that protected religious exercises are only those *compelled* by religion or that involving activity *central to* religious beliefs. While the Defendants' candor on this single point is laudable, their decision to wave their hands about in a distraction to the fact that this Court precisely focused on the wrong standard is, while understandable, not praiseworthy.

With great respect, it appeared to the Plaintiffs that the Court's decision followed this line of reasoning: the Plaintiffs have not identified any conduct in which their religion *compels*

---

[1] *The Wizard of Oz* (Metro-Goldwyn-Mayer 1939) (derived from L. Frank Baum, The Wonderful Wizard of Oz (G. M. Hill Co. 1900)) (cited in *In re ZiLOG, Inc.*, 450 F.3d 996, 1004 (9th Cir. 2006)).

Reply Supporting Motion Page 2

them to engage that is impinged by the actions of the Defendants; ergo, there is no need to determine whether a significant burden has been imposed on their religious exercise, or whether such a significant burden is justified by the existence of a compelling government interest served by the least restrictive means available.[2] In fact, rather than applying that standard, this Court focused in precisely on an incorrect, more exacting standard for stating a claim under RFRA:

> Most importantly, *they do not allege that their religion compels them* to engage in this speech at the time and place and in the manner at issue here. *They certainly do not allege that their religion compels them* to demonstrate in favor of the public display of the Ten Commandments at all times and in all places, and *they offer no evidence that their religion requires them* to demonstrate at this particular time and place as compared to all others.

Memorandum Opinion at 23-24 (emphasis added).

Despite its acknowledgment that the test identified by Plaintiffs – not the one applied by the Court – is the correct one, the Government still concludes that Plaintiffs did not show "at a minimum some religious significance to the activity at issue." Memorandum in Opposition to Plaintiffs' Motion at 9. To reach that conclusion, the Government has to ignore the facts established in the record.[3]

---

[2] In fact, the Court casts great doubt on whether it considered that Plaintiffs where acting out of a religious impulse and engaged in religiously guided conduct. *See* Memorandum Opinion at 24 ("This is a classic case of speech on an issue of public interest, *not a case of religious exercise*") (emphasis added).

[3] The Plaintiffs did, in fact, establish in the record the religious motivation and nature of their proposed prayer vigils and demonstrations. *See* Plaintiffs' Counterstatement of Facts Genuinely in Dispute ¶¶ 37-39, 41, 54, 88-89, 91 (and materials cited therein); Plaintiffs' Exhibit 1 supporting the Motion for Summary Judgment (Declaration of Reverend Patrick Mahoney) at ¶¶ 5-13, 49; Plaintiffs' Exhibit E supporting the Motion for Summary Judgment(Declaration of Kathleen Mahoney) at ¶¶ 4, 7-8, 21, 27; Plaintiffs' Exhibit 7 opposing the Defendants' Motion to Dismiss or for Summary Judgment (Second Supplemental Declaration of Reverend Patrick Mahoney) at ¶¶ 1, 6, 18-19, 22, 55; Plaintiffs' Exhibit 8 opposing the Defendants' Motion to Dismiss or for Summary Judgment (Supplemental Declaration of Kathleen Mahoney) at ¶¶ 2, 9,

The Court's failure to take account of the religious nature and motivation of the Plaintiffs' activities led to its erroneous conclusions about the facts and law related to the RFRA claim, and that failure of accounting appears to have been the ineluctable result of its application of the wrong, more exacting standard for stating a claim under RFRA. In other words, it appeared to the Plaintiffs that once the Court concluded that the Plaintiffs were not complaining of a burden on conduct that was compulsory in their religion, no further evaluation of the Plaintiffs' activities as a religious enterprise was required, especially given the Court's conclusion that this "is a classic case of speech on an issue of public interest, not a case of religious exercise." Memorandum Opinion at 24.

The Government fails to offer any justification – in the statutory text, in legislative history, in the decisions of the Supreme Court, or of any other Court – for its view, shared by this Court, that a Government action that survives reasonable time, place and manner analysis must also pass muster under the substantial burden, compelling interest, least restrictive means analysis called for under RFRA. The Plaintiffs were unable to identify any basis in text, legislative history or decisional law for the approach taken by the Court and approved by the Government in its opposition. That aspect of the judgment on the RFRA claim is also clear error.

The Government's assertion is that Plaintiffs' argument makes no sense. Opp. at 10. With respect, the Government's position is even more difficult to justify under law than the Court's decision. The Court applied an incorrect standard of law to reach its judgment; the

---

10.

Government, while acknowledging that the standard identified by the Plaintiffs is the correct one, expresses exasperation at Plaintiffs' argument that the correct standard ought actually to be applied by the Court to the facts. The Plaintiffs respectfully urge the Court to "pay no attention" to the argument behind the Government's curtain.

II.  **THE GOVERNMENT HAS FAILED TO DEMONSTRATE THAT THE JUDGMENT WITH RESPECT TO THE FIRST AMENDMENT CLAIM IS FREE FROM LEGAL ERROR**.

First, the Government does not offer the Court any analysis under which the strict scrutiny called for in *United States v. Grace*, 471 U.S. 171, 177 (1983) is properly bypassed on the claim that the opportunity to speak elsewhere transforms a flat prohibition into nothing more than a *place* limitation capable of surviving time, place and manner analysis under the Public Forum Doctrine. The Government's tautology is without substance. It does not offer a sound basis for a judgment so patently at odds with the Supreme Court's instruction in *Grace* on this point, and with the D.C. Circuit's decision in *Mahoney v. Babbitt*, 105 F.3d 1452 (D.C. Cir. 1997).

Second, the Government does nothing, absolutely nothing, to dispel the certainty that application of *Mahoney v. Babbitt*, 105 F.3d 1452 (D.C. Cir. 1997) undermines the judgment in this case. Understandably, the Government must walk a strange and carefully drawn line. This case and *Mahoney* both involve executive *ipse dixits* withdrawing traditional public forum properties from common usage; both cases involve Government arguments that redirecting protesters to removed locations satisfies requirement of ample alternative channels of communication. The Government's perambulation of *Mahoney* is made necessary by its reasoning and holding, a holding that denies to the Government the power to take traditional

public forum properties for its private use *without more*, and its wholesale rejection of the executive power of *ipse dixit*.

Third, the Government misapprehends Plaintiffs' point regarding *Heffron v. ISKCON*, 452 U.S. 640 (1981).  Where a nonpublic forum property has been designated as a public forum, courts apply the same standard as is applicable to traditional public forum properties.  *See Perry Educ. Ass'n v. Perry Local Educ. Ass'n*., 460 U.S. 37 (1983); *United States v. Grace*, 471 U.S. 171, 176-77 (1983); *Cornelius v. NAACP Legal Defense and Educ. Fund*, 473 U.S. 788, 797 (1985).  But *Heffron* addressed rights of access to property for soliciting contributions and related activities in areas that had not been generally opened to expressive activities or designated as public fora.  452 U.S. at 643-44 (discussing State Fair Rule 6.05).

The problem with reliance on *Heffron* here is that case involves an express reservation from designation as a public forum.  452 U.S. at 643-44.  Here, the Rhode Island Avenue sidewalk is not a transient, designated forum.  It is the archetypical traditional public forum property.  Hence the reasonableness of judgments about closure of it to expressive activity simply cannot be squared with the Constitution by falling back on *Heffron*'s approbation of solicitation limitations in an area expressly reserved from such use.

## CONCLUSION

For all the foregoing reasons and as argued in the Statement of Points and Authorities Supporting the Contested Motion to Alter or Amend the Judgment, the Court should grant the Motion.

Dated:  November 1, 2006.

                        Respectfully submitted,

                                                          */s/*
                        James Matthew Henderson Sr. # 452639
                          *Counsel of Record*
                        The American Center for Law and Justice
                        201 Maryland Avenue NE
                        Washington, DC  20002
                        Telephone:    (202) 546-8890
                        Facsimile:     (202) 337-3167
                        *Attorney for the Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REVEREND PATRICK MAHONEY, *et al.*,  )<br>)<br>Plaintiffs,  )<br>)<br>-vs-  )<br>)<br>THE UNITED STATES MARSHALS SERVICE, *et al.*,  )<br>)<br>Defendants.  ) | Civil Action No. 1:05-cv-01786-RCL |

CERTIFICATE OF SERVICE

James Matthew Henderson, Sr., certifies that he caused a copy of the Reply Supporting the Motion to Alter or Amend the Judgment and this Certificate of Service to served on all parties in this matter, by submitting these documents in PDF format to the ECF system of the United States District Court, and by transmitting same as an attachment to an email addressed to Marina.Braswell@usdoj.gov, on this 1st day of November, 2006.

Respectfully submitted,

/s/
James Matthew Henderson Sr. # 452639
  *Counsel of Record*
The American Center for Law and Justice
201 Maryland Avenue NE
Washington, DC  20002
(202) 641-9163
(202) 546-8623 (fax)
JMHenderson@aclj-dc.org
*Attorney for the Plaintiffs*

Certificate of Service Page 1