UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **REVEREND PATRICK J. MAHONEY,** *et al.*,<br><br>  Plaintiffs,<br><br>  v.<br><br>**UNITED STATES MARSHALS SERVICE,** *et al.*,<br><br>  Defendants. | Civil Action No. 05-1786 (RCL) |

**MEMORANDUM & ORDER**

Plaintiffs have filed a Motion [47] to Alter or Amend the Judgment, asking that the Court strike from the docket its September 27, 2006 order awarding summary judgment to defendants. Plaintiffs argue that the Court applied the wrong standards to their claims under the First Amendment and the Religious Freedom Restoration Act ("RFRA"). The Court's choice of words in its opinion may have led to plaintiffs' mistaken belief.

First, the Court determined that the First Amendment claims did not trigger strict scrutiny because the restrictions were content-neutral and did not completely prohibit speech. There was no absolute prohibition because plaintiffs could demonstrate within the same forum, in a different spot. While plaintiffs would slice the forum so thinly that no place restrictions could ever be imposed, the relevant forum, as described by plaintiffs, is the "vicinity" or "near vicinity" of St. Matthew's Cathedral, *see, e.g.,* Second Supp. Decl of Rev. Mahoney ¶¶ 18, 22, 23, and the record shows that speech was not completely prohibited within this forum.[1]

---

[1] Plaintiffs are incorrect in suggesting that the Court did not consider *Mahoney v. Babbitt*, 105 F.3d 1452 (D.C. Cir. 1997), or *Henderson v. Lujan*, 964 F.2d 117 (D.C. Cir. 1992). In

Second, in rejecting the RFRA claims, the Court made use of the word "compel." The Court did not and cannot require a showing that plaintiffs' religious beliefs *compel* them to engage in the activities affected by defendants' restrictions. The claims were rejected because there was no allegation that it is part of plaintiffs' religion *at all* to demonstrate and pray on the south sidewalk of Rhode Island Avenue.[2] Finally, plaintiffs incorrectly interpret the Court's dicta that, even assuming that a burden on exercise had been alleged, that burden was not substantial "for the same reasons the Court has held that the time, place, and manner restrictions in this case were reasonable." The Court did not state that time, place, and manner restrictions are evaluated under the same test used for burdens on religious exercise, but merely indicated that many of the same facts are relevant to each analysis.

For the foregoing reasons the Motion [47] to Alter or Amend the Judgment is DENIED.

SO ORDERED.

Signed by United States District Judge Royce C. Lamberth, November 2, 2006.

---

*Mahoney*, strict scrutiny was applied because the government had prohibited certain protestors from the entire Inaugural Parade route: an absolute ban that was content- and viewpoint-discriminatory. That case is not this one. As to *Henderson*, it employed the same analysis this Court used for time, place, and manner restrictions, but found that the government had restricted far more speech than was necessary to serve the applicable government interest. Here the Court explicitly found that the restrictions were very narrowly tailored to serve multiple and vital government interests.

[2]The most plaintiffs can be said to have alleged is that they consider it to be part of their religion to demonstrate and pray "in the near vicinity of the Cathedral," Second Supp. Decl. of Rev. Mahoney ¶ 18, and in the presence of the dignitaries, which they were allowed to do.